UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRELL DEWAYNE AVERETT,

    Plaintiff,

v.                                                                              Case No. 8:11-cv-2361-T-30MAP

DR. MACARE,

    Defendant.
_____/

**O R D E R**

The Court has for its consideration the *pro se* prisoner Plaintiff Averett's civil rights complaint filed against Defendant pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court has determined that Plaintiff's complaint must be dismissed.

First, the complaint is unreadable and essentially incomprehensible. Second, to the extent it appears that the complaint alleges that Defendant did not prescribe all of the psychotropic medications Plaintiff had previously been taking, the complaint fails to allege sufficient facts demonstrating a constitutional violation.[1] To show that a prison official acted with deliberate indifference to a serious medical need, Plaintiff must satisfy both an objective and a subjective inquiry. *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (quoting

---

[1] In any § 1983 action, the initial inquiry must focus on whether two essential elements are present:

    (1) whether the person engaged in the conduct complained of was acting under color of state law;
    and (2) whether the alleged conduct deprived a person of rights, privileges or immunities
    guaranteed under the Constitution or laws of the United States.

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (citations omitted).

*Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)). First, Plaintiff must satisfy the objective component by showing that he had a serious medical need. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007). Second, Plaintiff must show that the official acted with deliberate indifference to a serious medical need. *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005).

The complaint fails to allege facts showing that Defendant acted with deliberate indifference to a serious medical need. Negligence is insufficient to establish deliberate indifference. *Goebert*, 510 F.3d at 1326. Further, a difference in medical opinion regarding the best course of treatment is insufficient to demonstrate deliberate indifference to a serious medical need under the Eighth Amendment. *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir.1989).

Accordingly, the Court **ORDERS** that:

1.Plaintiff's complaint is dismissed, without prejudice to his filing a new complaint, in a new case, with a new case number. The complaint must be readable and must be comprehensible. Further, the complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face.[2]

2.The **Clerk** is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on October 20, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*

---

[2] *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).